UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
                                                 :

MBODY MINIMALLY INVASIVE       :
SURGERY, P.C., *et al.*,                :

                                Plaintiffs,       :      13-CV-06551 (TPG)

                      – against –                  :      **OPINION**

EMPIRE HEALTHCHOICE HMO, INC. *et* :
*al.*,

                              Defendants.    :

------------------------------------------------x

        Defendants[1] move for partial reconsideration of this court's order denying their motion to dismiss plaintiffs' claim under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendants argue that the court overlooked language in the health plans at issue in this case meriting dismissal of the § 502(a)(1)(B) claim. For the following reasons, defendants' motion for reconsideration is denied.

## Background

        Plaintiffs are medical professionals offering bariatric surgery to help obese individuals lose weight. In 2013, plaintiffs sued defendant health insurance companies alleging they withheld or reduced payment for treatment provided to patients enrolled in defendants' health insurance

---

[1] The term defendants, used herein, does not include Blue Cross & Blue Shield of Massachusetts, which has been dismissed from the case.

plans. The complaint contained nine counts alleging violations of various sections of ERISA and state law. In an opinion dated August 15, 2014, this court dismissed most of plaintiffs' claims. However, the court allowed some of plaintiffs' claims to go forward, including a claim under Section 502(a)(1)(B) of ERISA. Defendants move for partial reconsideration of the court's decision, arguing that the court overlooked language in the health plan documents meriting dismissal of the § 502(a)(1)(B) claim.

## Discussion

The Local Civil Rules of this court provide that a party may seek reconsideration of an order upon "setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." S.D.N.Y. R. 6.3. There is a strict standard governing such motions. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "Reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. The court may grant the motion to "correct a clear error of law or prevent manifest injustice." Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004). However, the court will deny the motion where the movant "seeks solely to relitigate an issue already decided. Shrader, 70 F.3d at 257.

The issue here is whether defendants are "plan administrators." ERISA Section 502 empowers participants and beneficiaries to bring a civil

action to recover benefits due under the terms of a benefits plan. See 29 U.S.C.A. § 1132(a)(1)(B). However, the Second Circuit has determined that such claims may only be brought against the plan, the plan administrator, or plan trustee. See Crocco v. Xerox Corp., 137 F.3d 105, 107 (2d Cir. 1998). ERISA defines the "administrator" as: "(i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe." 29 U.S.C. § 1002(16)(A). In light of this statutory language, the Second Circuit has directed that "if a plan specifies a plan administrator, then that individual or entity is *the* plan administrator for purposes of ERISA." Crocco, 137 F.3d at 107 (emphasis in original) (quoting McKinsey v. Sentry Insurance, 986 F.2d 401 (10th Cir. 1993)).

Defendants argue that the court, in allowing plaintiffs' Section 502(a)(1)(B) claim to proceed, overlooked clear language in the health plan documents establishing that defendants are not the "plan" or "plan administrators." Mem. L. Supp. Mot. Part. Reconsideration at 4–5. To support this argument, defendants have provided excerpts from six health plan brochures purportedly designating entities other than defendants as the plan administrators. See Dkt. # 23, Exs. B–G. Some of these documents do, indeed, name entities other than defendants as the plan

administrator. For example, the brochure for Verizon Medical Expense Plan for New York and New England Associates defines the plan administrator as "Verizon," an entity which is not a defendant in this case. See, e.g., Dkt. # 23, Ex. C, at 112. However, the brochures for other plans are less straightforward. The brochure for Albany International Corp.'s health plan, for example, names the plan administrator as "the Plan Administrative Committee" without giving any indication of the composition of this committee. See Dkt. # 23, Ex. B, at 13.

The court was fully aware of and familiar with these documents in rendering its opinion denying dismissal with regard to the § 502(a)(1)(B) claim. The court was not then, and is not now, satisfied that all the health plan documents name entities other than the defendants as health plan administrators. Even for those that appear to do so, it is impossible to discern from the materials provided which health plan documents correspond to which defendants, purportedly immunizing them from § 502(a)(1)(B) claims. And, as discussed, some of the health plan documents do not, in fact, name entities other than defendants as the plan administrator.

Defendants argue that controlling authority in this circuit rejects the concept of a "*de facto*" plan administrator, or one that is not expressly named in the health plan documents. See Rep. Mem. L. Further Supp. Mot. Part. Recons. at 2 (citing Crocco v. Xerox Corp., 137 F.3d 105, 107 and Lee v. Burhkart, 991 F.2d 1004, 1010 n.5 (2d Cir. 1993)). However, a

number of courts, including courts in this jurisdiction, have treated insurance companies as plan administrators if they "control[] the distribution of funds and decide[] whether or not to grant benefits under an employee benefit plan." See, e.g., Sheehan v. Metro. Life Ins. Co., No. 01-CV-9182 (CSH), 2002 WL 1424592, at *2 (S.D.N.Y. June 28, 2002). In any event, defendants' argument misconstrues this court's decision. This court did not reach the question of whether plaintiffs may maintain a § 502(a)(1)(B) claim against *de facto* plan administrators. Rather, the court held that plaintiffs had plausibly alleged that defendants are plan administrators themselves, noting "plaintiffs . . . do allege [they] are the plan administrators in other sections of the complaint." See Opinion of Aug. 15, 2014, at 7–8 (citing Compl. ¶ 56).

Defendants have failed to raise any new information warranting partial reconsideration of this court's order. To the extent defendants wish to reargue that they are not plan administrators, they will have ample opportunity to do so at later stages of the litigation where the plaintiffs' burden will be higher. To the extent defendants argue that plaintiffs cannot maintain a §502(a)(1)(B) claim against *de facto* plan administrators, that argument misconstrues the grounds for this court's holding. In short, defendants have not provided information meriting alteration of this court's decision.

## Conclusion

For the following reasons, defendants' motion for partial reconsideration of this court's order dated August 15, 2014 is denied.

This opinion resolves the item listed as document number 21 in this case.

SO ORDERED.

Dated: New York, New York
February 25, 2015

Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/25/15